United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

Stephen Lewis Gentry,

　　　　　Defendant.
_____/

Case No. 23-cr-20513

Hon. Terrence G. Berg

## **GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Stephen Lewis Gentry, has a sexual interest in children. He abused his position as a caregiver by exploiting children for his own gratification and that of others. He took these images, depicting the children with their genitals lasciviously displayed, when these children were in their most vulnerable and unguarded states and without their knowledge. This is not the first time that Gentry has expressed his sexual interest in children. In fact, this is the fourth time that Gentry has been convicted of sexually exploiting children.

For the reasons set forth in this memorandum, the government recommends that the Court sentence Gentry to 540 months' imprisonment, as such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)." *United States v. Vowell,* 516 F.3d

1

503, 512 (6th Cir. 2008).

I.      FACTS AND PROCEDURAL HISTORY

   A.     Offense Conduct

In the summer of 2022, the FBI gained access to an account on a website called Wickr which allows for end-to-end encrypted messaging and had become a network for the trading of child sexual abusive material (CSAM). (PSR ¶ 10). Through access to this account, FBI agents discovered an individual using the username "richardschwifty" who was a member of three networks that discussed and shared CSAM. (*Id.*).

In early January 2023, agents noticed that "richardschwifty" had posted three images of an approximately 8–10 year old girl (MV1, born in 2010). These photos lasciviously displayed MV1's genitals as she was in the shower. FBI agents, operating in an undercover capacity, engaged in a conversation with "richardschwifty" on Wickr. (*Id.* at ¶ 12). In these conversations, "richardschwifty" shared additional CSAM with the undercover agent and revealed information about the nature of his relationship with MV1. (*Id.*).

FBI agents discovered that the username "richardschwifty" belonged to Stephen Lewis Gentry. (*Id.*). On August 24, 2023, agents obtained and executed a search warrant for Gentry's home. (*Id.* at ¶ 13). Agents seized several electronic devices, including cell phones, a laptop, and a central processing unit. (*Id.*). Agents

2

searched these devices and discovered that the defendant had taken secretly recorded videos and pictures of MV1 when MV1 was fully nude and bathing in a bathtub. Agents also discovered other CSAM of MV1 taken from as early as 2016 through 2023. In total, agents located 84 images and 44 videos of MV1 that the defendant had produced of MV1.

Agents also discovered that the defendant had taken secretly recorded video and images of other minor victims which lasciviously displayed those minor victims' genitals, including:

- 3 images and 7 videos of MV2 (born in 2010);
- 8 images and 1 video of MV3 (born 2015);
- 4 images and 1 video of MV4 (born 2014).

In these videos and images, Gentry recorded the children undressing, showering, urinating, and masturbating. In one instance, Gentry took one of children out of bed at nighttime to urinate. Gentry took this minor victim to the bathroom and positioned the child's genitals so that the camera would capture the genitals more clearly. Gentry's conduct was so egregious that in another instance, Gentry positioned a phone through drywall in a minor victim's room to capture the minor victim masturbating. The defendant was not in the room, but the video makes it clear that the defendant was talking with the minor victim through a locked door and encouraging the minor victim to take certain actions so that the minor victim

3

would be more visible to the camera that was surreptitiously recording the minor victim.

Gentry was only able to have access to these minor victims because he had a trusted role as a caregiver, and he abused his trusted position to take these secretly recorded images and videos. Gentry was also a registered sex offender at the time of the instant offense. Between 2009 and 2010, Gentry was convicted of two separate instances of criminal sexual conduct with two different minor children and one instance of possessing child sexually abusive material. (*Id*. at ¶ 40–42).

### B.     Procedural History

On August 25, 2023, a criminal complaint was filed. (ECF No. 1). Gentry was arrested and ordered detained on August 29, 2023. (ECF No. 12). On September 7, 2023, an indictment was filed charging Gentry with one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e), one count of penalties for registered sex offenders in violation of 18 U.S.C. §§ 2260A, and one count of distribution of child pornography in violation of 18 U.S.C. 2252A(a)(2). (ECF No. 13). Gentry's two prior state criminal sexual conduct convictions enhance the mandatory minimum penalty for Count One from 15 years to 35 years. *See* 18 U.S.C. § 2251(e).

On February 12, 2025, Gentry pleaded guilty to Count One of the Indictment pursuant to a plea agreement. (ECF No. 31). The plea agreement contained the

agreement of the parties that a sentence of at least 480 months and no more than 540 months is the appropriate disposition of the case, pursuant to Fed. R. Crim. P. 11(c)(1)(C). Count One carries a mandatory minimum penalty of 35 years in prison. The parties agreed that the Court would determine the guideline range at sentencing but recommended the application of certain guideline provisions.

    **C.**    **Guideline Range**

The Probation Department calculated a guideline range of 324 to 405 months, based on an offense level total of 37 and a criminal history category of V. (PSR ¶ 83). The Probation Department noted that because of the statutorily required mandatory minimum sentence of 420 months, the guidelines imprisonment range is adjusted to 420 months. (*Id.*).  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that a sentence of at least 480 months and no more than 540 months is the appropriate disposition of the case.

**II.**    **SECTION 3553(A) FACTORS**

An application of the 18 U.S.C. § 3553(a) factors to Gentry's case leads to the conclusion that a sentence of 540 months, followed by a lifetime of supervised release, is the appropriate sentence in this case.

Congress provided the objectives and factors that courts are to consider when imposing a sentence in 18 U.S.C. § 3553(a).  The government addresses the most relevant § 3553(a) factors below.

    A.    **The History and Characteristics of the Defendant and The Nature and Circumstances of the Offense**

Gentry's personal history and characteristics and the nature of the offense weigh in favor of a sentence of 540 months.

Stephen Gentry enjoyed a privileged and comfortable upbringing, free of any significant struggles. (PSR ¶ 49). Gentry also does not suffer from any mental disease or substance abuse disorder. (*Id.* at ¶ 61–65). In other words, there are no mitigating factors about Gentry for this Court to consider.

Despite his supportive home, Gentry saw himself as an outcast and engaged in dangerous behavior that permanently altered the lives of others. Just after reaching adulthood, Gentry engaged in criminal sexual conduct with children. Gentry's prior victims were 13 and 14 years old. (PSR ¶ 40–41). And Gentry did not stop with committing hands-on offenses, he also amassed a collection of child pornography. (PSR ¶ 42). Gentry was incarcerated for this conduct and was registered as a sex offender.

Not long after his release from prison, Gentry gained access to MV1 and produced child pornography of the victim beginning when MV1 was just 6 years old. Gentry then distributed these images to others on an online website. Using his privileged position, Gentry also produced multiple videos and images of MV2, MV3, and MV4.

By its nature, the crime of distribution and possession of child pornography

results in enduring mental, physical, and emotional trauma. Child victims are repeatedly exploited by a variety of different offenders in perpetuity. As Congress found, "child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub.L. No. 104-208, § 121, 110 Stat. 3009, 3009-27 (codified at 18 U.S.C. § 2551).  Beyond re-victimizing the children depicted in the videos and images of child pornography, these crimes also "inflame the desires of . . . pedophiles . . . who prey on children, thereby increasing the creation of and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." *Id.*

Gentry took it a step further, abusing his position of trust to create images that Gentry used for his own gratification and to share with other pedophiles. Gentry's sentence in this case must acknowledge the dangerous nature of his offense and a sentence of 540 months accomplishes this task.

    **B.**     **Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment for the Offense**

Child pornography offenses result in perpetual harm to a child and validate and normalize the sexual exploitation of children, making them the most serious and dangerous type of offenses. Courts across the country have recognized this:

> There can be no keener revelation of a society's soul than

> the way in which it treats its children. Given the current statistics, surrounding child pornography, we are living in a country that is losing its soul. Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. However, once it enters the legal system, child pornography undergoes sterilization. The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions on display are those of the defendants, sorry that their actions were discovered by law enforcement.

*United States v. Cunningham,* 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir. 2012).

Gentry traded in child pornography and abused his position of trust to create publicly traded images of children for the sexual pleasure of people like him. A 540-month sentence would justly punish Gentry's conduct, promote respect for the law, and serve to undermine attempts to validate and normalize the sexual exploitation of children.

### C. Adequate Deterrence and Protection of the Public and Kinds of Sentences Available

Deterrence with respect to the possession of child pornography, especially for those who have already been convicted of an offense involving the sexual abuse of a child, is of the utmost importance as it is a key component in discouraging future criminal behavior and protecting the public. Strict penalties for child pornography offenders decreases the number of participants in the market

and deters those offenders from committing further crimes. Both Congress and the courts have recognized the high recidivism rates for these types of offenders. *See* Blaisdell, Krista, Note, *Protecting the Playgrounds of the Twenty-First Century: Analyzing Computer and Internet Restrictions for Internet Sex Offenders*, 43 Val.U.L. Rev. 1155, 1192, n.150 (2009) (compiling congressional statements regarding the high risk of recidivism among child sex offenders); *see also United States v. Garthus*, 652 F.3d 715, 720 (7th Cir. 2011) ("We need evidence-driven law just as we need evidence-driven medicine . . . statistical analysis of sex crimes has shown that the best predictor of recidivism is not deportment at an interview but sexual interest in children.") (citations omitted).

Without a doubt, Gentry has a demonstrated that he is a recidivist and has victimized additional children by committing this offense. Because of his prior offense, Gentry is subject to an enhanced penalty under 18 U.S.C. § 2251(e). Gentry has demonstrated through his actions that he is undeterred in committing these crimes. A 540-month sentence is necessary to protect the public and impose deterrence and to achieve the sentencing objectives set forth in 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons described above, the Government respectfully recommends that the Court sentence Gentry to 540 months, to be followed by a lifetime of

supervised release.

                Respectfully submitted,

                JEROME F. GORGON JR.
                United States Attorney

                *s/Sarah Alsaden*
                Sarah Alsaden
                Tara M. Hindelang
                Assistant United States Attorneys
                211 W. Fort St., Suite 2001
                Detroit, MI  48226
                (313) 226-9146
                Sarah.Alsaden@usdoj.gov

Dated: May 8, 2025

## CERTIFICATE OF SERVICE

I certify that on May 8, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Sarah Alsaden*
Sarah Alsaden
Assistant United States Attorney
