UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CR. NO. 23-20513
        HON. TERENCE G. BERG

STEPHEN LEWIS GENTRY,

        Defendant.
_____/

### DEFENDANT'S SENTENCING MEMORANDUM

NOW COMES the Defendant, STEPHEN LEWIS GENTRY, through his attorney, DAVID C. THOLEN, of the Federal Community Defender, Detroit, Michigan, and files this sentencing memorandum in this matter.

### I.

### BACKGROUND

On September 7, 2023, Defendant was charged by Indictment with Count One - Sexual Exploitation of Children, 18 U.S.C. 2251(a) and ( e), Count Two Penalties for Registered Sex Offender, 18 U.S.C. 2260A, and Count Three – Distribution of Child Pornography, 18 U.S.C. 2252A(a)(2).

On February 12, 2025, Defendant pled guilty to Count One pursuant to a

Rule 11 Plea Agreement. In the plea agreement, the parties estimated the following calculations of an Offense Level of 44 and Criminal History Category III, with a resulting sentence range of life under the Guidelines. With recognition of this Guideline range, pursuant to the Rule 11 Plea Agreement and Rule 11(c)(1)(c), the parties agreed that a sentence of at least 480 months (i.e. 40 years) and no more than 540 months (i.e. 45 years) is the appropriate disposition in this case.

The Probation Department has prepared a Presentence Report in this case. In the report, the Probation Department calculated an Offense Level of 37 and Criminal History Category V, with a resulting sentence range of 324 – 405 months. The Probation Department has also identified the mandatory minimum sentence of 420 months (i.e. 35 years). Pursuant to the Guidelines, where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence. *See* USSG 5G1.1(b). Therefore, 420 months effectively becomes the guideline sentence. Both parties accept these calculations as accurate.

Under the Rule 11 Plea Agreement, if the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office will move to dismiss any remaining charges in the indictment against the defendant

in this case. Specifically, the United States Attorney's Office will move to dismiss Count Two and Count Three. Rule 11 Plea Agreement, page 2, paragraph 3. Counsel and Defendant acknowledge that Count Two requires a mandatory consecutive sentence of 10 years imprisonment.

Defendant respectfully requests that the Court (1) accept the Rule 11 Plea Agreement, (2) sentence him to 480 months imprisonment, and (3) recommend placement in SOMP. Defendant submits that the following factors, individually, and collectively, warrant the requested sentence in this matter.

## II.

## ARGUMENT

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. *Koon v. United States*, 116 S.Ct. 2035, 2053 (1996).

In *United States v. Booker,* 125 S.Ct. 738 (2005), the Supreme Court ruled that the Sentencing Guidelines no longer have the force and effect of law and are "effectively advisory." Id. At 743. *Booker* returns substantial discretion to the sentencing judge to depart above and below the Guidelines range so long as such

sentences are reasonable. *United States v. Hines,* 398 F.3d 713, 720 (6th Cir. 2005). Because the Sentencing Guidelines are now advisory, a district court is permitted to vary from those guidelines in order to impose a sentence which fits the mandate of section 3553(a). *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006).

It is also clear that a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications.

Title 18, Section 3553 governs the imposition of sentences in federal criminal cases. That section provides, the court shall impose a sentence sufficient, but not greater than necessary. *Id.* In reaching this decision, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence, as explained by the District Court in *United States Faison*, 2020 wl 815699, at *1 (D. Md. Feb. 18, 2020) (Hazel,J.):

> During the sentencing hearing, the lawyers and the judges discuss the appropriate sentence, often at great length, but after the judge announces a decision, that judge, the lawyers, and the staff move on to the next case; the hearing and outcome soon fade into distant memory. Meanwhile, for the defendant, the torture of a monotonous existence begins, while life for his family moves forward without him. For him, every day, month, and year that was added to the ultimate sentence will matter. The difference between

ten and fifteen years may determine whether a parent sees his young child graduate from high school; the difference between ten and fifteen months may determine whether a son sees his sick parent before that parent passes away; the difference between probation and fifteen days may determine whether the defendant is able to maintain his employment and support his family. Thus, it is crucial that judges give careful consideration to every minute that is added to a defendant's sentence. Liberty is the norm; every moment of incarceration should be justified.

Defendant submits that an above Guideline sentence of 480 months imprisonment is sufficient, but not greater than necessary in this case.

### A.

### Nature and Circumstances of the Offense

Defendant acknowledges the serious nature of his offense conduct and its lasting destructive impact on its victims. The Sixth Circuit has recognized the severity and seriousness of crimes involving the sexual exploitation and abuse of minors. *United States v. LaFond,* 692 Fed. Appx. 242, 245 (6th Cir. 2017) citing *United States v. Vowell,* 516 F.3d 503, 512-13 (6th Cir. 2008). Defendant is remorseful for his actions and he desires sex offender treatment while serving his sentence to address his conduct.

In addition, Defendant has accepted responsibility and pled guilty to his offense conduct. Defendant began plea negotiations early on. Defendant and Counsel engaged in discussions to resolve the case with the Government. These

discussions resulted in the Rule 11 Plea Agreement.   Furthermore, Defendant's early decision to plead guilty conserved Government resources by avoiding trial preparation and prevented the minor victims from having to appear at a trial.

Finally, as part of the Presentence Report, the Probation Department has provided the Court with Judiciary Sentencing Information (JSIN).   During the last five years, there were 22 defendants with a final Offense Level of 37 and Criminal History Category of V with a resulting sentence range of 324 – 405 months.   For these defendants, the average sentence of imprisonment was 367 months and the median sentence of imprisonment was 360 months.   Presentence Report, at p. 25-26, paragraph 111.

### B.

### History and Characteristics of the Defendant

Section 3553 directs the Court to consider the history and characteristics of the defendant in determining an appropriate sentence.   Defendant is 34 years old with three prior sex offense convictions which require him to register.   His prior convictions place him in Criminal History Category III, with 6 points, before enhancement to Criminal History Category V, under USSG 4B1.5(a)(2).

Defendant has maintained a history of gainful employment over the last 10 years.   From September 2020 until August 2023, he worked as a Design Engineer

at H.A. Automotive Systems in Troy, Michigan. Prior to that, from October 2018 until July 2020, he worked as a CAD Designer at DENSO in Southfield, Michigan. In addition, from July 2018 until November 2018, Defendant worked as a CAD Designer at Adapt Temp Agency in Rochester, Michigan. This steady work record demonstrates that Defendant can and has obtained legitimate and gainful employment to support himself and will be able to do so in the future.

In addition, he has already been detained nearly 21 months. Defendant is facing his first federal felony conviction and first significant sentence of imprisonment. Federal courts have recognized that prison has a greater significance or impact on those who are imprisoned for the first time. *United States* v. *Baker*, 445 F.3d 987 (7th Cir. 2006); *United States v. Qualls,* 373 F.Supp. 2d 873, 877 (E.D. Wis. 2005).

Furthermore, Defendant will be well over 40 years old upon completion of the requested sentence. Defendants over the age of forty exhibit markedly lower rates of recidivism in comparison to younger defendants. See <u>Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidleines</u>, at 12, 28 (2004). Federal courts have recognized that recidivism rates decline consistently with older defendants. <u>See</u> *United States v. Hodges*, 2009 wl 366231 (E.D. N.Y. 2009).

7

Finally, Defendant was given the Adverse Childhood Experiences (ACE) assessment during the presentence interview. He scored 0 on a scale of 0-10, which suggests that he poses the lowest possible risk for future negative behavioral outcomes. (See Presentence Report, page 16, paragraph 65).

## C.

### Providing Corrective Treatment

As previously mentioned, section 3553 directs the Court to consider the need to provide Defendant with corrective treatment in determining an appropriate sentence. In light of the offense conduct, Defendant requests needed treatment through the Bureau of Prison's Sex Offender Management Program (SOMP). Defendant understands the significance of his criminal conduct and recognizes that he needs and will benefit from participation in the SOMP program. The BOP offers both a residential SOTP which is a high-intensity program designed for high-risk offenders, and a non-residential SOTP which is a moderate-intensity program designed for low to moderate risk sexual offender. Defendant believes he could benefit from participation in either program.

## III.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests this Honorable Court to (1) accept the Rule 11 Plea Agreement, (2) impose a sentence of 480 months imprisonment in this matter, and (3) recommend placement in the residential sex offender management program (SOMP) at FCI Elkton.

Respectfully submitted,

**FEDERAL COMMUNITY DEFENDER**
/s/David C. Tholen
Assistant Federal Defender
613 Abbott, 5th Floor
Detroit, MI   48226
(313) 967-5542
E-mail: david_tholenb@fd.org
P43836

Date: May 13, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CR. NO. 23-20513
                                  HON. TERRENCE G. BERG

STEPHEN LEWIS GENTRY,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

      I certify that on May 13, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Tara Hindelang & Sarah Alsaden
        Assistant U.S. Attorneys
        United States Attorney's Office
        211 W. Fort, Suite 2001
        Detroit, Michigan 48226

                                  /s/ David C.   Tholen
                                  Assistant Federal Defender